IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:00CR244

MICHAEL A. CLARK

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on June 2, 2005, the Court denied a motion under 28 U.S.C. § 2255 filed by Michael A. Clark. (ECF Nos. 109-10.) Clark has now filed a "MOTION FOR RELIEF FROM VOID SECTION 2255 JUDGMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES," in which he seeks relief under Federal Rule of Civil Procedure 60(b)(4). ("Rule 60(b) Motion," ECF No. 139).[1] For the reasons set forth below, the Rule 60(b) Motion (ECF No. 139) will be denied.

Clark's Rule 60(b) Motion challenges the Court's denial of his § 2255 motion. Specifically, he "challenges the Court's failure to liberally construe his pro se pleading under the dictates of Haines v. Kerner, 404 U.S. 519 (1972). Instead of

---

[1]  Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>     (4) the judgment is void . . . .

Fed. R. Civ. P. 60(b).

affording the liberal construction owed to Clark's pleading, the Court allowed the government---Clark's adversary in this case---to do all the construing." (Rule 60(b) Mot. 3.) Clark claims that the Court committed "procedural error" when it "failed to rule on all the properly construed claims" (id.), and thereby issued a void judgment. (Id. at 4-5.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207).

Clark's request for relief under Rule 60(b)(4), filed more than nine years after the dismissal of his § 2255 motion, was not filed within a reasonable time. McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry & Fireproofing, Inc. v. Wagman

2

Constr. Corp., 383 F.2d 249 (4th Cir. 1967))). Moreover, relief under Rule 60(b) is an "extraordinary" remedy "and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). Clark fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior denial of his § 2255 motion.

Even if Clark met the threshold requirements for bringing a Rule 60(b) Motion, he fails to demonstrate that he is entitled to relief under Rule 60(b)(4). A judgment is "void" for the purposes of Rule 60(b) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005) (citing Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)). Courts "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to the finality of judgments . . . ." Id. (citation omitted). Clark fails to provide any argument suggesting that the Court lacked jurisdiction or acted in a manner inconsistent with due process. Thus, Clark fails to demonstrate that the Court's denial of his § 2255 motion was "void" within the meaning of Rule 60(b)(4).

Accordingly, Clark's Rule 60(b) Motion (ECF No. 139) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(B).   A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Clark fails to satisfy this standard.   Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Clark.

And it is so ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 25, 2014
Richmond, Virginia

4